UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**ROBIN MARK REITZ**,

        Plaintiff,

  v.

**CITY OF PORTLAND POLICE DEPARTMENT, MAYOR SAM ADAMS, MULTNOMAH COUNTY GOV., JAIL SUPERVISOR, AND MEDICAL SUPERVISOR AND STAFF,**

        Defendants.

Case No. 3:13-CV-01483-KI

ORDER ON THIRD AMENDED COMPLAINT

    Robin Reitz
    Portland Rescue Mission
    111 W. Burnside St.
    Portland, OR 97209

        *Pro Se* Plaintiff

Page 1 - ORDER ON THIRD AMENDED COMPLAINT

Robert Yamachika
Deputy City Attorney
Office of City Attorney
1221 SW 4th Ave., Suite 430
Portland, OR 97204

KING, Judge:

Plaintiff Robin Mark Reitz, proceeding *pro se* and *in forma pauperis*, has filed a Third Amended Complaint.[1] Plaintiff's Second Amended Complaint brought claims under state law for battery, false imprisonment, and negligent medical treatment against former Mayor Sam Adams, the Multnomah County jail supervisor, and the medical supervisor at the jail. I previously dismissed Adams and clarified that the only claim remaining was one against the jail supervisor and medical staff supervisor for improper medical treatment while in jail. Before serving his Second Amended Complaint, plaintiff filed a Third Amended Complaint. In his Third Amended Complaint, he now names as defendants the "City of Portland Police Department," former Mayor Sam Adams, Multnomah County, the jail supervisor, and the medical supervisor and staff; his claims appear to again be centered on his arrest and treatment while in jail. Pending before me is the City of Portland[2] and Adams' Motion to Dismiss.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the

---

[1] In an attempt to avoid confusion, because plaintiff has filed three complaints all of which name different defendants, I have captioned this opinion with the list of defendants named in his Third Amended Complaint.

[2] Plaintiff is suing the "City of Portland Police Department." The Portland Police Bureau is not a proper defendant. I will rule on the City's motion as if plaintiff had properly named the City of Portland as a defendant.

Page 2 - ORDER ON THIRD AMENDED COMPLAINT

burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint, even though the allegations establish jurisdiction, and may rely on affidavits or other evidence before the court. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

Finally, Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition, "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## DISCUSSION

Plaintiff did not respond in any meaningful way to the City's motion to dismiss. I do not dismiss plaintiff's claims on this ground, but warn plaintiff that he must respond to motions filed by opposing parties within specific time limits. He should consult the Federal Rules of Civil Procedure and Local Rules for guidance. Both are available at ord.uscourts.gov.

I.       Subject Matter Jurisdiction

As an initial matter, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen, 511 U.S. at 377. This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

Page 4 - ORDER ON THIRD AMENDED COMPLAINT

Plaintiff's complaint (on a court provided form), purports to rely on diversity jurisdiction as the basis for this Court's jurisdiction. He does not allege any federal claims.

For purposes of diversity jurisdiction, plaintiff's citizenship must differ from defendants' citizenship, and the matter in controversy must exceed $75,000. Plaintiff gives a mailing address in Vancouver or Longview, WA on all of his complaints, but is now living in Oregon. The City argues that plaintiff's citizenship was not in Washington at the time he filed his complaint on August 22, 2013. See Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (plaintiff must be "domiciled" in a location where he has a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely," determined at the time the lawsuit is filed). While plaintiff alleges an address in Washington, and is suing Oregon defendants, an allegation in one of his filings suggests he has lived in Oregon since at least July 2011. See First Am. Compl. (first sentence of first claim is "I had been in Oregon State and Portland since 2008" noting he lived elsewhere from 2010 to July 2011).[3] I note, too, plaintiff filed multiple lawsuits in the U.S. District Court for the Western District of Washington from 2012 through June 6, 2013–just before he filed this lawsuit in August 2013–all alleging jurisdiction based on diversity and listing a P.O. Box in *Portland*, *Oregon*. See Reitz v. Fred Meyer Store, 3:13-cv-05439-BHS (filed 6/6/13; dismissed 6/11/13); Reitz v. The Columbian Newspaper, 3:12-cv-05707-BHS (filed 8/2/12; dismissed 8/10/12); Reitz v. Market Place Apts LLC, 2:12-cv-1941-JCC (filed

---

[3] Allegations of fact in an amended or withdrawn pleading are "competent evidence of the facts stated[.]" Huey v. Honeywell, 82 F.3d 327, 333 (9th Cir. 1995) (citation omitted).

Page 5 - ORDER ON THIRD AMENDED COMPLAINT

10/30/12; dismissed 11/21/12); Reitz v. Newsweek Magazine, 2:12-cv-00889-RSL (filed 5/22/12; dismissed 6/19/12).[4]

Nevertheless, since I grant the motion to dismiss for other reasons, at this point I give plaintiff the benefit of the doubt that he was "domiciled" in Washington when he filed this lawsuit. I also note that he demanded $5 million in his previous complaints and could correct his failure to plead the amount in controversy by simple amendment. Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir. 1986) (generally, the amount in controversy is determined from the face of the pleadings); Crum v. Circus Circus Enters., 231 F.3d 1129, 1131-32 (9th Cir. 2000) (plaintiff may amend complaint to cure a jurisdictional deficiency if done in good faith). Although I seriously question the amount of his demand, I could not say "to a legal certainty that the claim is really for less than the jurisdictional amount [of $75,000] to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Accordingly, at this point, I deny a motion to dismiss on the basis of lack of subject matter jurisdiction.

II.     Adams as a Defendant

As I previously noted in my Opinion and Order on plaintiff's Second Amended Complaint [ECF No. 29], plaintiff fails to allege a claim against Adams. Plaintiff does not allege Adams was involved in the arrest. Similarly, plaintiff does not allege the former mayor was involved in any negligence in treating plaintiff's medical conditions at MCDC. Because I have

---

[4] I take judicial notice of these other complaints, all filed in federal court, as a matter of public record. Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (court may consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice in ruling on a motion to dismiss).

already repeatedly advised plaintiff about the problems with his pleading, Adams is dismissed with prejudice.

III.  City of Portland

    A.  Claims One and Three

The first claim of plaintiff's Third Amended Complaint is indecipherable. The claim is new to this lawsuit.[5] He alleges:

> I am a retired entertainer well written about and know[n] to be a ladies man. I contacted the mayors office within 30 days of release from the Hospital. I was assigned a Chinese lady to work with. I broke down mentally and physical depression and never was offered or received a settlement. I was attacked by two men that night 5 minutes apart. The two knew each other. A month later I was attacked by still another man. I spent 18 days in 2 Hospitals. I was stabbed in back while I was fighting a man who was beating a woman. Case is also filed in the court.

Plaintiff must comply with Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). I am unable to discern any claim having an arguable basis in law or fact against these named defendants. Further, plaintiff fails to allege any facts about how any of the named defendants were involved in the alleged conduct. As a result, plaintiff's allegations fail to put any defendant on notice of the nature of his claims.

Normally, the court must advise a *pro se* plaintiff of the deficiencies of the complaint and allow amendment. Because I cannot decipher this claim, I am unable to provide any advice. This claim is dismissed with prejudice.

---

[5]The City represents that the claim appears to be related to the allegations plaintiff makes in Reitz v. City of Portland Police Dep't, 3:13-cv-2025-AC (filed Nov. 14, 2013).

Similarly, claim three appears to be based on plaintiff's treatment in jail, after he was arrested. Plaintiff does not allege how any of the City defendants were involved in the conduct, and they are dismissed with prejudice.

B.   Claim Two

Plaintiff alleges in his second claim:

> I had a medical problem. I told the aggressor that was attacking me. I pulled a knife, warned him several times to go away in front of a witness. He told officers on the scene I was the one that was attacked. They arrested me not because I was dangerous. They wanted to snoop thru my things which was none of their business.

Assuming this claim alleges a false imprisonment or false arrest claim, I dismiss it for failure to state a claim.

The elements of false imprisonment are: "(1) defendant must confine plaintiff; (2) defendant must intend the act that causes the confinement; (3) plaintiff must be aware of the confinement; and (4) the confinement must be unlawful." Macnab v. State, 253 Or. App. 511, 515, 291 P.3d 758 (2012). Probable cause is a complete defense to a false imprisonment claim. Bacon v. City of Tigard, 81 Or. App. 147, 150, 724 P.2d 885 (1986). "Probable cause has two components, an objective one and a subjective one. An officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable under the circumstances." State v. Plummer, 160 Or. App. 275, 279, 980 P.2d 676 (1999).

Based on information available on the Multnomah County Circuit Court's docket, plaintiff was arrested on August 23, 2011 and was charged with assault in the second degree. State of Oregon v. Robin Mark Reitz, Case No. 1108-33323.[6]

Assault in the second degree occurs when a person:

>  (a) Intentionally or knowingly causes serious physical injury to another;

>  (b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

>  (c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

ORS 163.175(1). Plaintiff had counsel appointed for him, he was arraigned, and Judge Karin Immergut signed an Order of Probable Cause. The information was dismissed on August 30, 2011.

Although the City supplies the police reports associated with plaintiff's allegations, I may not consider them on a motion to dismiss for failure to state a claim. Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (court may not generally consider materials outside the pleadings on a motion to dismiss). Nevertheless, based on plaintiff's allegations alone, the police had probable cause to arrest him for assault in the second degree. Specifically, in plaintiff's Third Amended Complaint, he alleges he pulled a knife on someone and warned him to go away. Earlier in this litigation, plaintiff gave a more complete picture of the events of that night:

---

[6]Again, in ruling on a motion to dismiss, I may take into consideration the complaint in its entirety, documents incorporated by reference, and matters of which a court may take judicial notice. Tellabs, Inc., 551 U.S. at 322.

> 2 men who slept by me at 4th and Glison [sic] knew me somewhat.  They had been drinking and tried to get to the women I was sleeping with.  The one man ran off.  A couple minutes later the other man attacked me knowing I had a medical problem.  I told him that several times.  I warned him to go away several times.  He did not listen then he attacked me.  I stabbed him several times.  He walked east 1 block and collapsed.  I called the police to get an ambulance here.  I told the dispatcher what had happened.  When the police arrived the witness told them I was the one attacked.  They arrested me anyway and threatened to kill me if I moved.

First Am. Compl. Claim 1.[7]  This conduct would give police probable cause to arrest plaintiff for assault in the second degree.

Presumably plaintiff believes he was justified in his use of force because he was acting in self defense.  The officers' failure to investigate the possibility of self-defense, however, is an affirmative defense on which plaintiff had the burden of proof.  See Broam v. Bogan, 320 F.3d 1023, 1032 (9th Cir. 2003) ("[A] law enforcement officer is not required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.").  The officers were not required to negate self-defense before arresting plaintiff.

Accordingly, this claim is dismissed with prejudice.

IV.     Plaintiff's Motions for Default and for Extension of Time

Plaintiff's motions for default and for extension of time are incomprehensible.  The only defendant he has properly served is the "jail supervisor" and the only claim remaining is one based on the alleged improper medical treatment he received while in jail.  Plaintiff's time to

---

[7] "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent."  Huey, 82 F.3d at 333.

Page 10 - ORDER ON THIRD AMENDED COMPLAINT

serve "Multnomah County Gov." and the "medical staff supervisor" has expired. Accordingly, both of those defendants are dismissed without prejudice.

If plaintiff believes he is entitled to an entry of default against the jail supervisor, he must file by September 15, 2014 a neatly written or typed Motion for Entry of Default, supported by an affidavit in which he indicates the jail supervisor has failed to plead or otherwise defend against the third claim in his Third Amended Complaint. If he does not file such a motion, the last remaining defendant will be dismissed without prejudice.

Plaintiff is warned that he may not file any more amended complaints without filing a motion explaining why he is amending his complaint. Fed. R. Civ. P. 15.

## CONCLUSION

For the foregoing reasons, I grant the Motion to Dismiss [49] filed by the City of Portland and Adams. Former Portland Mayor Sam Adams and the City of Portland Police Department are dismissed with prejudice. With the exception of the jail supervisor, all other defendants are dismissed without prejudice. Plaintiff's Motion for Entry of Default is due by September 15, 2014. Plaintiff's pending motions [55] and [57] are denied as moot.

IT IS SO ORDERED.

DATED this  26th   day of August, 2014.


          /s/ Garr M. King
          GARR M. KING
          United States District Judge